Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 1108 | **DATE** | 10/22/2001 |
| **CASE TITLE** | Midwest Partners vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant the motion [17-1] of the City of Chicago to dismiss Counts II, IV and VI of the amended complaint. We grant the motion fo Midwest Partners [3-1] to remand the remaining counts of the amended complaint to state court. We deny Midwest Partners' [12-1] to stay its federal claims.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 29 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 22 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 OCT 23 AM 8:27 | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIDWEST PARTNERS, an Illinois partnership,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, an Illinois municipal corporation,<br><br>Defendant. | No. 01 C 1108<br><br>Judge Wayne R. Andersen<br><br>**DOCKETED**<br>OCT 2 9 2001 |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the following motions: 1) defendant City of Chicago's motion to dismiss plaintiff Midwest Partners' first amended complaint; 2) Midwest Partners' motion to stay its federal claims; and 3) Midwest Partners' motion to remand this action to state court. For the following reasons, we grant Midwest Partners' motion to remand Counts I, III, V and VII of the amended complaint to State Court, and we grant the City's motion to dismiss Counts II, IV and VI of the amended complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

## BACKGROUND

Plaintiff Midwest Partners ("Midwest") is the owner of a vacant parcel of land on North Sheridan Road in Chicago, with its eastern frontage being the Lake Michigan shoreline (the "Property"). The Property is nestled between a 28-story high-rise on one side and a 24-story high-rise on the other side. At the time Midwest purchased the Property in 1995, the Property was zoned "R-6 General Residence District," consistent with the zoning of most properties in the area. In August of 2000, the City of Chicago Zoning Committee conducted a hearing and recommended

downzoning the Property to "R-2 Single Family Residence District." Midwest claims that it never received notice of this hearing. On August 30, 2000, the City Council enacted an ordinance downzoning the Property in accordance with the Zoning Committee's recommendation.

Midwest claims that the purpose of the downzoning was not to limit construction on the Property to a single-family residence, but was instead to stop any development of the Property and enable the City to acquire the Property for a park at a deep discount.

Midwest commenced this action by filing suit in the Circuit Court of Cook County, Illinois, which had jurisdiction to hear Midwest's state and federal claims. Count I of the original complaint asserted a claim for unjust taking under both the Illinois Constitution and the United States Constitution. Count II alleged a substantive due process violation, and Count III alleged a procedural due process violation. Count IV asserted a state law claim, alleging that the City's downzoning violated a provision of the Chicago Zoning Ordinance.

The City then removed the case to this Court and filed a motion to dismiss, which seems to ignore the fact that Midwest commenced this action in state court and asserted state as well as federal claims. Midwest then filed a First Amended Complaint, in which it divides its unjust taking claim into two counts— Count I based on a violation of the Illinois Constitution and Count II based on a violation of the United States Constitution. Similarly, Midwest has divided its substantive due process claim into two counts--Count III based on a violation of the Illinois Constitution and Count IV based on a violation of the United States Constitution. Finally, Midwest divided its procedural due process claim into a state law claim (Count V) and a federal claim (Count VI). As the prayers in the federal law counts (Counts II, IV and VI) state, Midwest seeks relief under those counts only after (and depending upon) the resolution of Midwest's state law claims.

## DISCUSSION

I. <u>Motion To Remand</u>

This is a zoning case filed to invalidate a zoning ordinance. Midwest challenges the City's rezoning from R6 to R2 of its property. The Seventh Circuit has made it clear that "[f]ederal courts are not boards of zoning appeals." <u>River Park, Inc. v. City of Highland Park</u>, 23 F.3d 164, 167 (7th Cir. 1994). "Labels do not matter. A person contending that state or local regulation of the use of land has gone overboard must repair to state court." <u>River Park</u>, 23 F.3d at 167. In this case, Midwest did repair to state court, the City removed the case here, and now we must send the case back to state court.

The City complicated this case procedurally by removing it to this Court. As originally filed, and in its current form, the case contained both state and federal claims, which the state court was fully competent to handle. Instead of letting the state court resolve the zoning challenge as it should, the City reflexively removed the case to this Court and then moved to dismiss the federal claims, asserting that Midwest should have gone to state court first before seeking federal relief. That, of course, is what Midwest did.

Judge Shadur has admonished the City for the "serious mistake" of responding "in Pavlovian fashion by filing a notice of removal (the legal equivalent of salivation by Pavlov's dogs) every time that the bell of potential removability has been rung." <u>Badanish v. City of Chicago</u>, 895 F. Supp. 201, 203 (N.D. Ill. 1995). In cases that will involve construction and application of state law, he advised the City that it might be better if it "had simply left things where they were, with the case pending before a state court that was fully competent to address state law issues and federal constitutional issues alike." <u>Id</u>. at 203.

Because all issues will necessarily be impacted by the Circuit Court's resolution of the zoning claims, and because important state interests in the zoning area are at stake, we remand this case to the state court for resolution of the claims.

II. Motion To Dismiss

The City has moved to dismiss the federal claims in the amended complaint for lack of subject matter jurisdiction because the claims are not ripe. Under Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172 (1991), claims challenging zoning regulations are not ripe until the plaintiff obtains a final decision from local zoning authorities and then pursues all available state remedies to either invalidate the zoning or seek just compensation for the injuries caused by the zoning. In this case, Midwest has not alleged that it received a final decision from the local zoning authorities, and all of the state remedies have not been pursued prior to federal court adjudication.

Midwest cites a recent Ninth Circuit line of cases for the proposition that a claim alleging that the regulation does not substantially advance legitimate state interests is ripe immediately. However, Midwest has never specifically pled that the ordinance in this case does not substantially advance legitimate state interests. Midwest has only alleged that the ordinance constitutes a taking because it allegedly deprives Midwest of the use of the property. Moreover, the Seventh Circuit has not adopted the rule Midwest advances. The Seventh Circuit requires that any claim that local regulation of land use has gone overboard must first be pursued in state court. River Park, 23 F.3d at 167.

The remedy for excessive zoning regulation is a state claim for invalidation or inverse condemnation, not a federal constitutional claim. See Williamson, 473 U.S. at 195-96. A person contending that local land use legislation has gone overboard must pursue state remedies. River Park, Inc. v. City of Highland Park, 23 F.3d 164, 167 (7th Cir. 1994). Thus, these state remedies

must be pursued prior to the federal remedies. However, once the state remedies are addressed by the state court, Midwest may then pursue any remaining federal claims which it may have in State Court.

For all of these reasons, Midwest's federal claims are not yet ripe for adjudication and we must dismiss them for lack of subject matter jurisdiction and send the case back to state court. See, e.g., Biddison v. City of Chicago, 921 F.2d 724 (7th Cir. 1991).

## CONCLUSION

For the foregoing reasons, we grant the motion of the City of Chicago to dismiss Counts II, IV and VI of the amended complaint. We grant the motion of Midwest Partners to remand the remaining counts of the amended complaint to state court. We deny Midwest Partners' motion to stay its federal claims.

_____
Wayne R. Andersen
United States District Court

Dated: October 22, 2001